THE STATE, EX REL., ETC., v. BOTKIN.

1. **Criminal Law**: INTERPRETATION OF ORDINANCE: VISITING DISORDERLY HOUSE. A city ordinance which provides that "any person who shall be found in or frequenting any disorderly house shall be subject to a fine," is not void on the ground that it fails to use the word "unlawfully," and makes it an offense to visit a disorderly house for a lawful purpose; for the reason and the spirit of the ordinance plainly show that the offense, and not the act, is prohibited, and a defendant prosecuted under it should be charged with being unlawfully in the disorderly house; and he may show as a defense that he was lawfully there.

2. ———: DEFECTIVE INFORMATION: JUDGMENT NOT VOID. A judgment of conviction in a criminal case is not rendered void by the fact that the information on which it is based is defective.

3. **Cities and Towns**: RESTRAINING DISORDERLY HOUSES. Under the power, given by § 456 of the Code, to "repress and distrain disorderly houses," a city has authority by ordinance to make it an offense to visit such houses.

The State, ex rel., etc., v. Botkin.

*Appeal from Polk District Court.*

SATURDAY, MARCH 5.

THIS is a proceeding by *habeas corpus.* The petitioner, T. J. Reynolds, should have been designated in the title of the case as plaintiff. Upon a trial before the district court, the petitioner was discharged. Defendant appeals.

*James H. Detrick* and *Hugh Brennan,* for appellant.

No appearance for appellee.

BECK, J.—I. An ordinance of the city of Des Moines declares that, if the keeper of any store, grocery, saloon, etc., or other place, permit games of cards, dice, or other games of chance, to be played therein, he shall be deemed the keeper of a disorderly house, and shall be subject to fine. Another section of the ordinance is in these words: "Any person who shall be found in or frequenting any disorderly house, shall be subject to a fine." The police court of the city, upon an information filed therein charging the petitioner, Reynolds, with the offense of being found in a disorderly house, found him guilty, and fined him, and committed him in default of payment of the fine. This imprisonment, he alleges in his petition, is illegal, and that he is therefore unlawfully restrained of his liberty. The district court held that the ordinance was void, and that petitioner was therefore illegally restrained of his liberty.

II. The petitioner alleges in his petition that the city council had no legal authority to pass the ordinance. It appears that the district court did not pass upon the question of the authority of the city to enact a proper ordinance to punish persons who were found in disorderly houses for unlawful purposes, but held that the section of this ordinance was void for the reason that it fails to prescribe that, to render one guilty of the offense prohibited, he should be unlaw-

(margin note) 1. CRIMINAL law: interpretation of ordinance: visiting disorderly house.

fully in the house when found there, and that, under the language of the ordinance, one found in a disorderly house is guilty, though he be there for a lawful or innocent purpose. This position of the court below is clearly unsound, and in violation of familiar rules of construction and interpretation of statutes. The subject-matter, effect and consequence, and the reason and spirit, of a statute, must be considered, as well as its words, in interpreting and construing it. A statute intending to prohibit an offense will, under these rules, never be applied to an innocent and lawful act. The offense is prohibited, and not the lawful act. Hence, if an act is done which is prohibited by the words of the statute, it may be shown to be lawfully or innocently done. The illustration of the application of these rules given by Blackstone are most apt, and are familiar to the profession. See Introduction to Commentaries, § 2, pp. 59–62. We need not consume time to repeat them. In support of these views, see, also, 1 Bl. Comm., 59, 62, 87, *et seq.* and Potter's Dwar. St., 208 *et seq.*

The court below thought that, as the ordinance imposes upon the accused the burden of showing his lawful presence in a disorderly house, it is void. But it is competent for the legislature to prescribe that an offense may be presumed from an act done. The ordinance in question, as we have seen, is intended to forbid unlawful presence in a disorderly house, and is to be so interpreted. The presence should be charged in the information as unlawful. As a defense, the person charged may show that he was lawfully or innocently in the house. These rules are of constant application in the administration of the criminal law.

III. The court below, in the decision, criticises the information, and holds that it does not allege that defendant was found in the house when unlawfully there. That it was the obvious purpose of the information to so charge there can be no doubt; and we think, under a fair construction, it must be so understood.

2. ———:
defective
information:
judgment not
void.

But even if the information be defective, it is not a matter that will render the judgment of the police court void.

IV.   The city is clothed with authority to "repress and restrain disorderly houses." Code, § 456.   No more effi-

3. CITIES and towns: restraining disorderly houses.

cient manner of exercising this power can be devised than to prohibit persons to enter such houses, or to be found there.   The ordinance was clearly enacted in the exercise of lawful authority.

We reach the conclusion that the district court erred in discharging the petitioner from custody.

REVERSED.