SHEPARD v. BINGHAM, Police Com'r, et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

INJUNCTION—SUBJECTS OF PROTECTION AND RELIEF—CRIMINAL PROSECUTIONS.
Equity is without jurisdiction at the instance of an exhibitor of moving pictures conducting exhibitions on Sunday, in alleged violation of the Sunday observance law, to grant an injunction restraining the police from entering the premises during Sunday entertainments, except to serve a warrant or to arrest a person committing a crime in their presence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 178.]

Appeal from Special Term.

Action by Archie L. Shepard to restrain Theodore A. Bingham, police commissioner, and others, from interfering with plaintiff in the lawful conduct of his business, and from entering on the premises of plaintiff, or making visitations thereon during Sunday afternoons and evenings. From an order continuing, during the pendency of the action, the temporary injunction granted, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore Connely, for appellant.
Max D. Steuer, for respondent.

INGRAHAM, J. The question presented in this case is the same as that presented in the Eden Musee American Company, Limited, v. Bingham (decided herewith) 110 N. Y. Supp. 210. The complaint alleges that the plaintiff intends to conduct an exhibition of moving pictures by stereoptican views on Sundays; that one Gane had informed the plaintiff that the defendant Keleher, an acting police captain, had informed Gane that the defendant Keleher will prevent the giving of the aforesaid exhibition of pictures and entertainment on Sunday afternoons and evenings, and would compel the closing of the said premises if the same were opened for the aforesaid purposes. A permanent injunction was asked from restraining the defendants and other members of the police department of the city of New York from interfering with the plaintiff in the lawful conduct of his business, and from entering the said premises of the plaintiff or making visitations thereon during Sunday afternoons and evenings. Upon this complaint the Special Term has granted an injunction that during the pendency of this action "the defendants, and each of them, and their and each of their officers and members of the police department of the city of New York, be * * * enjoined and prohibited from interfering with the plaintiff in his lawful conduct of his business at the Manhattan Theater, located at No. 1258 Broadway; and prohibited from entering upon the aforesaid place of business conducted by the plaintiff except for the purposes of preserving the peace or of executing a warrant or warrants of arrest on a person or persons upon the premises of the plaintiff, or other lawful warrants, or for the purpose of making an arrest in good faith for the commission of a felony committed in their or without their presence, or a misdemeanor committed within their presence from entering

the said premises of the plaintiff or making visitations thereon during Sunday afternoons and Sunday evenings, except for the purposes before mentioned." Under this injunction members of the police force are prevented from entering these premises except to serve a warrant, which, of course, could only be obtained upon evidence that a crime had been committed, or for the arrest of persons who had committed a felony or misdemeanor in their presence. But, they being enjoined from entering the building during these Sunday entertainments, a crime committed in the building at that time would not be in their presence. There is thus segregated from the rest of the city of New York a territory in which during a considerable portion of each Sunday the police are powerless to enforce the criminal law and in which during that period crime may be committed with impunity. No policeman could enter these premises during these entertainments without disobeying the order of the court unless armed with a warrant for the arrest of a person charged with crime in the building, or unless he knew of the commission of a crime, and followed its perpetrator into the building for the purpose of arresting him. In other words, the enforcement of the criminal law is suspended by an order of a court of equity during a considerable portion of each Sunday solely upon the allegation that the plaintiff intended to do an act which he claimed was not a crime, and that a police captain had told somebody who had told the plaintiff that he intended to arrest the plaintiff or his employés for the performance of that act as criminal. If equity has jurisdiction to entertain such applications and determine whether or not a party is innocent or guilty of a crime, there would be no necessity for the existence of criminal courts. The question of what was or was not criminal could be determined in equity, and, if an alleged criminal is entitled to the imposition of the court to protect him from arrest, I can see no reason why the police would not also be entitled to its process to enjoin a person charged with a crime from interposing any objection to his punishment. It is perfectly clear that the whole question is one over which a court of equity has no jurisdiction.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs.

McLAUGHLIN and SCOTT, JJ., concur.

CLARKE, J. For the reasons stated in my opinion in Burns v. McAdoo, 113 App. Div. 165, 99 N. Y. Supp. 51, I concur.

LAUGHLIN, J. I concur in the reversal of the injunction order in this case upon the grounds stated in my concurring memorandum in Eden Musee American Company, Limited, v. Theodore A. Bingham, Police Com'r, et al. (argued and decided herewith) 110 N. Y. Supp. 210, which apply to the facts here presented.