G. W. MART & SON et al., Appellants, v. CITY OF GRINNELL et al., Appellees.

**INJUNCTION:** Prosecutions Under Ordinance.   Injunction will not lie to restrain the enforcement of the penal provisions of a city ordinance with which the applicant has fully complied, when it appears that the objections to said penal provisions may be speedily and adequately raised at law, without exposing applicant to irreparable injury or a multiplicity of suits.

**MUNICIPAL CORPORATIONS:** Ordinances—Effect of Resolution.   A duly enacted ordinance may not be abrogated in any degree by a mere resolution.

*Appeal from Poweshiek District Court.*—H. F. WAGNER, Judge.

APRIL 4, 1922.

REHEARING DENIED SEPTEMBER 30, 1922.

ACTION in equity to enjoin the defendant city of Grinnell and its duly constituted officials from enforcing an ordinance governing moving-picture shows and similar amusements with special reference to its enforcement on the first day of the week commonly called Sunday.   Demurrer to the petition was sustained and the cause was dismissed with costs.   Plaintiffs appeal.—*Affirmed.*

*J. H. Patton* and *J. A. Devitt,* for appellants.

*H. L. Beyer, C. M. Manly,* and *Will C. Rayburn,* for appellees.

DE GRAFF, J.—This appeal is prosecuted with the hope and purpose of testing the validity of a certain ordinance passed by the city council of the defendant city of Grinnell. The ordinance is entitled: "An ordinance to regulate

1. INJUNCTION: prosecutions under ordinance.

and license circuses, menageries, theaters, theatrical exhibitions, shows, merry-go-rounds, swings, wheels, moving-picture theaters, and other exhibitions, entertainments and devices, and providing a penalty for violations thereof."

The petition prays for a writ of injunction, both temporary and permanent, that the defendants "be enjoined and restrained from enforcing as against the plaintiffs and each of them," the terms of said ordinance, "providing for the revocation of plaintiffs' licenses upon a conviction," "or from in any way putting said provisions of said ordinance into effect or enforcing the same."

The respective plaintiffs are engaged in the operation of moving picture shows in the city of Grinnell. The ordinance adopted by the said city provides for and imposes upon each moving picture show charging admission a license fee of $12.50 per quarter. It is further provided by the terms of said ordinance "that none of the occupations, acts, and provisions mentioned * * * shall be carried on, performed or exercised within the corporate limits of the city of Grinnell on the first day of the week commonly known as Sunday."

Section 5 of the ordinance imposes a penalty for the violation of any of its provisions and makes the violation a misdemeanor, and a person "upon conviction shall be fined not less than $5.00, nor more than $100 and the license held by such person shall be revoked by such conviction."

Plaintiffs have complied with the requirements of the ordinance, but anticipate the imposition of the penalties of said ordinance in that they, and each of them, propose to operate moving picture shows in the defendant city on any day of the week.

Plaintiffs allege and charge the fact to be that the said ordinance is unreasonable and void in that (1) it is not uniform in its operation and denies plaintiff certain privileges and immunities not denied to all persons on the same terms and there-

fore violates Section 6. of Article 1. of the Constitution of Iowa and Section 1 of the Fourteenth Amendment to the Constitution of the United States; (2) it does not recognize the rights of those who observe the Sabbath on some other day of the week than the first day commonly called Sunday; (3) it is in conflict with Section 5040 of the Code of Iowa which regulates the breach of Sabbath and prescribes a penalty for the violation thereof; (4) it is in conflict with Chapter 217 of the Acts of the Thirty-third General Assembly of the state of Iowa providing for the regulation of theaters.

Other matters are alleged and urged against the validity and constitutionality of the ordinance sought to be enjoined, and it is further charged that plaintiffs have no speedy or adequate remedy at law in the premises.

A temporary writ issued upon the filing of the petition and a motion to dissolve the injunction was overruled. Thereupon after certain amendments to the petition were filed, defendants interposed a demurrer based upon the following grounds: 1. If as claimed by plaintiffs that Ordinance 349 set out in the petition is unconstitutional and void, they had, as against any prosecution which the defendants may institute, a plain, speedy, and adequate remedy at law. 2. The facts stated in the petition do not entitle the plaintiffs to the relief demanded.

This demurrer was sustained by the trial court, the temporary injunction was dissolved and plaintiffs' petition was dismissed and judgment entered against plaintiffs for costs. This appeal concerns itself with the correctness of the ruling on the demurrer, and the judgment entered thereon.

It will be observed that the relief which plaintiffs seek and which was denied by the trial court is primarily related to the enforcement of the penal provisions of a city ordinance, and is anticipatory in character. As a general rule equity declines to interfere with the administration of laws which are criminal or quasi criminal. If a court of law can do as full justice to the parties by a determination of the matter in dispute, as can be done in a court of equity, the latter will not stay the proceedings at law.

We will not presume or assume that a court of law will hold an invalid ordinance valid. The same objections can be

raised in a court of law as in a court of equity, and the same questions may be presented therein by way of objection to its validity, or the constitutionality of the law in question. If the defendant is convicted, his right of review on appeal exists; if acquitted, we will not presume that the officials of a city would continue to harass the defendant with further arrests. Under the facts pleaded there is no danger that plaintiffs will suffer great or irreparable injury nor would they be subject to a multiplicity of suits under the circumstances of this case.

In *Majestic Theater Co. v. City of Cedar Rapids,* 153 Iowa 219 the plaintiffs sought to enjoin the enactment of an ordinance making it a misdemeanor for any person to engage in the operation of a theater or moving picture show on the first day of the week commonly called Sunday. The court was asked to sit in judgment upon a matter of proposed legislation, and by injunction to restrain the exercise by a city of its legislative functions. The right was denied. It is held that there was no threat of irreparable injury in the attempted enforcement of a void ordinance which is in the nature of a mere police regulation, for its invalidity is a perfect defense to any prosecution for its violation.

It may not be said that the enactment of the instant ordinance is *ultra vires,* or a violation of a contract obligation. The duty of plaintiffs in the premises is to obey it. If they desire to question its reasonableness or validity they must wait until they are disturbed in the exercise of their claimed constitutional rights. It is not sufficient that the enforcement of its provisions may reduce the quantum of profits in their business. Conceding that if the enforcement of a statute or ordinance amounts to an invasion of property rights or causes an irreparable injury, an injunction will lie, the case at bar is not within the purview of this rule. See *Huston v. City of Des Moines,* 176 Iowa 455 with cases cited; *Ewing v. City of Webster City,* 103 Iowa 226; *Snouffer & Ford v. City of Tipton,* 161 Iowa 223.

In *Bear v. City of Cedar Rapids,* 147 Iowa 341 it is held that neither the statutes nor the rule of the state board of health authorize a city, either expressly or by implication, to adopt an ordinance requiring dealers in milk and cream to procure a license or to require an inspection of dairies or dairy cattle.

Under such a state of facts this court recognizes the right to enjoin the enforcement of the provisions of such an ordinance on the theory that the provisions of said ordinance involved a delegation of power, and created a discretion in a certain board that contravenes the guaranty of equality and of equal opportunity in the law. In other words the ordinance was held not to be general and uniform in its operation, and if enforced it might mean the destruction of plaintiffs' business. The ordinance and the facts in the *Bear* case are clearly distinguishable from the instant case, and the principle announced is not controlling.

We are not to be understood as determining the constitutional questions raised by appellant in this case. The ruling of the district court was predicated on the theory that the plaintiffs had a plain, speedy and adequate remedy at law, and this is our view.

It is further contended by appellants that an agreement or understanding was had with the members of the city council of the defendant city, and that in conformity to said understanding the council passed a resolution in August 1919 that plaintiffs might operate their moving picture theaters on Sunday. For this reason it is urged that the defendant city is now estopped from exercising its police power by virtue of the ordinance in question. It is quite evident that a city may not bargain away its police power. If a repeal of the ordinance was intended it was not repealed. An ordinance is not affected by resolution, nor may it be amended or changed in this manner. An ordinance is amended, repealed or suspended by an ordinance only. *Cascaden v. City of Waterloo,* 106 Iowa 673; *Bradley v. City of Centerville,* 139 Iowa 599; *Sawyer v. Lorenzen & Weise,* 149 Iowa 87.

2. MUNICIPAL CORPORATIONS: ordinances: effect of resolution.

We therefore hold that the ruling of the trial court on the demurrer to plaintiffs' petition as amended is correct and the judgment entered is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.