J. G. JOYNER, Appellant, v. JOHN HAMMOND, Chief of Police, et al., Appellees.

INJUNCTION: When Writ Lies—Searches and Seizures. Injunction will not lie to restrain peace officers from searching premises for contraband articles.

Headnote 1: 32 C. J. p. 261.

*Appeal from Polk District Court.—W. G. BONNER, Judge.*

NOVEMBER 11, 1924.

REHEARING DENIED MARCH 21, 1925.

ACTION in equity, to enjoin the defendants, who are members of the police force, from searching plaintiff's premises to secure evidence. Defendants' demurrer to the petition was sustained, and plaintiff elected to stand upon his petition, and it was dismissed. Plaintiff appeals.—*Affirmed.*

*Theodore F. Mantz,* for appellant.

*John Halloran, Reson Jones, Chauncey Weaver,* and *Paul Hewitt,* for appellees.

PRESTON, J.—The petition, filed August 25, 1923, alleges that defendant Hammond is, or was at the time of the commencement of this suit, and prior thereto, the chief of police; that one of the other defendants is sergeant of the liquor squad acting under Hammond, and that another defendant is clerk of the liquor bureau; that plaintiff believes that, during the next few days, during the state fair, defendant Hammond will cause plaintiff's place of business to be searched; that, on different occasions prior to commencing suit, defendants had issued search warrants and searched plaintiff's premises; and that, as a rule, the officers, when entering plaintiff's place, would be on the run, and as a rule one of the officers would attempt to leap over the counter, and in the confusion, certain of plaintiff's property has been damaged and his business has been damaged; that defendants cause the said search warrants to issue upon mere suspicion, and use said search warrants for the purpose of securing evidence, in violation of plaintiff's rights; that plaintiff has no speedy and adequate remedy at law. He asks that defendants be enjoined from entering his place of business. The demurrer to the petition as amended was on three grounds: (1) The facts alleged do not entitle plaintiff to the relief demanded; (2) no showing is made, entitling plaintiff to any relief at the hands of

a court of equity; (3) the petition shows upon its face that plaintiff has a full, speedy, and adequate remedy at law.

If the defendants, and other peace officers in the state generally, could be enjoined from searching premises where intoxicating liquors are sold or kept for sale, or where the officers have reasonable grounds to so believe, it would greatly aid those engaged in the business. The law does not warrant or authorize the aid which is asked. It is not made to appear whether liquors were found at the different times searches are alleged to have been made.

It is argued, and cases are cited from other jurisdictions to the proposition, that John Doe warrants for the arrest of a person, or to search property, without further description of the person, are void. Some of the authorities cited are where the person was not named or described, and the property to be searched was not described. Appellant cites Section 9065, Compiled Code, 1919, to the effect that no search warrant can be issued but upon probable cause, supported by affidavit naming *or describing* the person and particularly describing the property and place to be searched. It is a sufficient answer to this proposition to say that the record does not in any manner show that the warrants do not otherwise describe the person and the property. For aught that appears from the record, the statute was complied with by a proper description. There are no copies of the information or warrants in the record, nor is it alleged that there was not a proper description.

Cases cited by appellant are not in point. *Bear v. City of Cedar Rapids,* 147 Iowa 341, was an action to enjoin the enforcement of a void ordinance. To the same effect, *Huston v. City of Des Moines,* 176 Iowa 455. But in that case, the ordinance and statute were sustained, and the injunction asked by plaintiff was denied. We are unable to see that *Wehrman v. Moore,* 177 Iowa 542, has any bearing.

Appellant's principal complaint is that his property and business have been and will be damaged. He has an adequate remedy at law. 32 Corpus Juris 261 and 57; *Mart v. City of Grinnell,* 194 Iowa 499. See, also, *Shephard v. Bingham,* 125 App. Div. 784 (110 N. Y. Supp. 217), *Delaney v. Flood,* 183 N. Y. 323 (2 L. R. A. [N. S.] 678), and *Pon v. Wittman,* 147

Cal. 280 (81 Pàc. 984, 2 L. R. A. [N. S.] 683), to the proposition that injunction will not lie, to hamper and thwart the power and discretion of the police, touching the performance of duties enjoined upon them by law. It was held in *McDonald v. Denton*, 63 Tex. Civ. App. 421 (135 S. W. 1148, 34 L. R. A. [N. S.] 453), that motives of officers in instituting prosecutions under criminal statutes cannot be inquired into under a writ of injunction.

The judgment is—*Affirmed*.

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.