DES MOINES DRUG COMPANY, Appellee, v. JOHN DOE et al., Appellees; STATE OF IOWA et al., Appellants.

SEARCHES AND SEIZURES: Void Warrant—Injunction—Scope. Injunction will lie to restrain the search of premises under a void warrant, *but not otherwise.*

Headnote 1:    32 C. J. pp. 261, 279.

Headnote 1:    36 A. L. R. 936.

*Appeal from Polk District Court.*—Lester L. Thompson, Judge.

### January 11, 1927.

Appeal by interveners, the sheriff and the State, from an order overruling motions to dissolve a temporary injunction restraining peace officers from searching plaintiff's premises for intoxicating liquors.—*Modified and affirmed.*

*Vernon R. Seeburger,* County Attorney, and *Loy Ladd,* Assistant County Attorney, for appellants.

*Clark & Byers,* for appellee.

Vermilion, J.—The action, as originally commenced by the plaintiff, was against "John Doe, or any peace officer within the jurisdiction of the district court of Polk County, Iowa." It was alleged in the petition that the plaintiff was engaged in the wholesale drug business in Des Moines, and had in its possession certain alcohol which it was authorized by the laws of the United States and the state of Iowa to own, sell, and dispense, under permits issued for that purpose by the internal revenue department of the United States government and by the state, and that it had no alcohol for any other purpose. It was further alleged that certain peace officers, whose names were unknown to plaintiff, claimed the right to search plaintiff's premises and remove such alcohol therefrom; that they were acting without authority, and not under authority or warrant of law, and not in good faith, but for the purpose of harassing and disturbing plaintiff in the lawful conduct of its business; and that no search warrant had been issued for the searching of plaintiff's premises. It was alleged that a search of the premises and the removal of the alcohol therefrom would work irreparable injury to plaintiff, and relief by injunction was asked.

A temporary writ of injunction was issued, restraining the defendants from entering plaintiff's premises, particularly described, and from taking and removing therefrom any alcohol.

Thereafter, Park A. Findley, sheriff of Polk County, intervened, and moved to dissolve the temporary injunction, alleging that there had been duly placed in his hands a search warrant,

issued by a judge of the district court of Polk County, commanding him to search the described premises of plaintiff, and, if intoxicating liquors were found therein, to seize and keep the same until final action thereon. It was alleged by the intervener that intoxicating liquors were kept by plaintiff in violation of law, and that plaintiff had violated various provisions of the statutes of the state relating to the transportation of intoxicating liquors and their use by manufacturers.

The State, by the county attorney, also intervened in the action, alleging certain violations of law on the part of the plaintiff in the sale of alcohol, setting up the issuance of the search warrant, and asking that the temporary injunction be dissolved.

On a hearing, the district court overruled the motions to dissolve the temporary injunction, upon a finding that "the only intoxicating liquors purchased, owned, or sold by the plaintiff, Des Moines Drug Company, is alcohol; that the alcohol it now has in its possession was purchased and is now owned and kept by it in accordance with the provisions of the law. There is no evidence offered or submitted of the violation of the law by the Des Moines Drug Company." From the order overruling the motions to dissolve the temporary injunction, the interveners have appealed.

I. The validity of the search warrant set up by the interveners was challenged in the court below. Since the hearing on the motions to dissolve, we have held that a judge of the district court is not authorized by statute, and has no authority, to issue search warrants for intoxicating liquors. *Latta v. Utterback*, 202 Iowa 1116. While this question was not presented below or raised in argument in this court, we may, without impropriety, consider it in support of the ruling appealed from. The search warrant in question, being issued by a magistrate having no authority to do so, was void; and, in so far as the temporary injunction operated to restrain action or proceedings thereunder, the motions to dissolve were, we think, properly overruled. *Koch v. District Court*, 150 Iowa 151; *Burtch v. Zeuch*, 200 Iowa 49. See, also, *Snouffer & Ford v. City of Tipton*, 161 Iowa 223; *Huston v. City of Des Moines*, 176 Iowa 455; *Terrace v. Thompson*, 263 U. S. 197 (68 L. Ed. 255); *Packard v. Banton*, 264 U. S. 140 (68 L. Ed. 596).

II. But this does not dispose of the controversy. The alle-

gation that the officers were intending to enter, search, and remove alcohol from appellee's premises without a search warrant is not sustained by any evidence, aside from that affecting the validity of the warrant pleaded by interveners. The order granting the writ of injunction, however, was much more far-reaching than merely to restrain a search or seizure under the warrant pleaded. It in terms restrained all peace officers from entering the premises of appellee and from taking or removing therefrom any alcohol. Its effect was to restrain such officers, or at least the sheriff, upon whom the writ was served, and who was, by intervention, a party, from searching such premises, even though he acted under the command of a valid search warrant. Although interveners set up an invalid search warrant, under which it was alleged they proposed to proceed unless restrained, this would not warrant the sweeping order made below. Appellee claimed that it had not violated and was not then violating the law relating to the possession of intoxicating liquors. The lower court so found. It is unnecessary that we determine that question of fact, for, if the fact be conceded, it would not justify the order made. Neither the fact that appellee then had no intoxicating liquors unlawfully in its possession, if it be a fact, nor its claim that it did not intend in the future to violate the law in that respect would entitle it to immunity from a proper search under a valid warrant, nor authorize a court of equity by injunction to restrain officers of the law from a proper execution of a valid warrant commanding such search. If appellee's possession of particular intoxicating liquor found upon such a search was not unlawful, the statute providing for appropriate proceedings upon the return of the warrant afforded it a remedy. Section 1974, Code of 1924. The fact that at one time it might be found that its possession of certain intoxicating liquor was lawful would not estop the state or the officers of the law from taking such proper steps upon a subsequent alleged violation as the law authorizes, nor justify a court of equity in restraining them from so doing. In *Joyner v. Hammond*, 199 Iowa 919, where like relief was sought, we said:

"If the defendants, and other peace officers in the state generally, could be enjoined from searching premises where intoxicating liquors are sold or kept for sale; or where the officers have reasonable grounds to so believe, it would greatly aid those

engaged in the business. The law does not warrant or authorize the aid which is asked. It is not made to appear whether liquors were found at the different times searches are alleged to have been made.''

In the same case we also said, speaking of the contention that the plaintiff's property and business would be damaged, that he had an adequate remedy at law; and also that the motives of officers instituting prosecutions under criminal statutes could not be inquired into under a writ of injunction. That case is controlling. See, also, *Home Sav. & Tr. Co. v. Hicks*, 116 Iowa 114; *Mart & Son v. City of Grinnell*, 194 Iowa 499; and note to *Hall v. Dunn*, 52 Ore. 475 (25 L. R. A. [N. S.] 193); 32 Corpus Juris 261, 279, and 281.

The motions to dissolve the injunction should have been sustained, except in so far as it restrained action under the warrant pleaded by the interveners, and to that extent only they should have been overruled.

So modified, the decree will be affirmed.—*Modified and affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.