STATE OF IOWA, Appellant, v. C. O. SEE, Appellee.

MARCH 6, 1928.

*John Fletcher*, Attorney-general, *Carl S. Missildine*, and *Alexander M. Miller*, for appellant.

*Donald D. Holdoegel*, for appellee.

*Hughes, Taylor, O'Brien & Faville, Amici Curiae.*

EVANS, J.—Section 13111-a4 is as follows:

"13111-a4. It shall be unlawful for any person, copartnership, or corporation to retain in his, their, or its possession for a longer period than thirty days, without the consent of the owner, any electric storage battery upon which the word 'rental' or any other word, mark, or character is printed, painted, or stamped, or to which any such word, mark, or character is attached, for the purpose of identifying the said electric storage battery as belonging to or being the property of any person, copartnership, or corporation."

On the trial, the facts were set forth by stipulation, and no other evidence was offered by either party. It appears therefrom that, on October 7, 1927, the defendant rented from the Des Moines Battery Service Company a storage battery for temporary use, while leaving with said Service Company his own battery, for the purpose of being charged. At the expiration of 30 days, the defendant had not returned the battery. On the 8th day of November, 1927, the bailor filed information against him; and caused his arrest. One of the grounds for the directed motion was:

"That the evidence fails to show that the defendant has violated Section 13111-a4 of the 1927 Code."

Though the State has appealed, the prosecuting attorney has not committed himself to any proposition relied on for a reversal. His attitude has been that of stating the contentions of both prosecutor and defendant, without contending for either, and without expressing an opinion or making an argument in support of the contention of the State. Inasmuch as we can reverse here only on the ground of errors relied on for reversal, we should ordinarily deem it our duty to affirm the case without discussion. However, the prosecutor, the Battery Men's Associ-

ation, has filed a brief in the case in favor of the State, which has the merit of presenting its contention and supporting it by argument and by such available authority as can be found. This association professes to be the author of the law, having formulated it and presented it to the consideration of the legislature. The contention presented by the prosecutor is that this statute is to be differentiated in its construction from Section 13030. To quote from its brief:

"Under this section [13030], the battery man could clearly have had arrested any individual, had he seen fit, who kept a rental *storage battery* after the owner *had demanded its return.* Therefore, there was already in existence a statute which authorized prosecution in cases where the matter of consent became an element of the crime, as is contended by the defendant in this case. In other words, if the defendant's position is sustained, there was no reason for the legislature, enacting the statute under question here, because of the fact that a method of prosecution was already open to the State in cases where demand had been made by the battery owner and the man having the rental battery had refused to return the same."

The concluding word of the brief is as follows:

"We respectfully submit that the inevitable conclusion is that the statute in question provides that no person shall keep a rental storage battery for more than thirty days, and that if he does so, he must show that he has the consent of the owner of the battery, or else pay the penalty provided for the enforcement of the law."

The foregoing narrows the issue to the question whether, in prosecuting his case, the prosecutor may ignore allegation on the subject of the consent of the bailor to the retention of the battery. The question in this form is vital to this appeal because no evidence was introduced, nor was any contained in the stipulation of facts, on the subject of consent of the bailor. The nearest approach to the subject in the stipulation of facts was that the bailor "notified the defendant, C. O. See, that his battery had been recharged, and that *the rent upon the Des Moines Battery Service Company's battery possessed by Mr. See was accruing;* that at this time the defendant, C. O. See, promised Mr. J. B. Farrand that he would return the storage battery be-

longing to the Des Moines Battery Service Company upon the next day.''

Looking to the statute, we find nothing in it which sounds in tort or crime, except the words ''without the consent of the owner.'' If these words be eliminated, then nothing is left in the statute which in its nature could be denounced as criminal. We think the words in question are of the very gist of the purported offense charged.

The brief relies upon *State v. Botkin*, 71 Iowa 87, in support of its contention. In that case a city ordinance was involved, and the defendant was charged under it with being found in a disorderly house. The defendant took the position that he might have had a lawful excuse for being there, and that both ordinance and information were defective because they failed to negative such lawful excuse. We do not deem the case in point. The gist of the offense in that case was the attendance at the disorderly house. In the case at bar, we think the failure of the State to show that the retention of the battery was against the will and consent of the bailor was fatal to the prosecution.

On this record, we have no occasion to inquire into the question of the validity or invalidity of this section as a penal statute, and we express no opinion thereon.

The motion to direct was, therefore, properly sustained. This being so, we have no occasion to consider other features of the statute.

The judgment below is—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.

FAVILLE, J., not participating.