FRED P. CAREY and DOROTHY S. CAREY, appellees, v. IOWA
LIQUOR CONTROL COMMISSION et al., appellants.

No. 51508.

(Reported in 132 N.W.2d 429)

246

Evan Hultman, Attorney General, William J. Yost, Assistant Attorney General, and Edward L. O'Connor, Johnson County Assistant Attorney, for appellants.

William L. Meardon, of Iowa City, for appellees.

STUART, J.—Plaintiffs brought this action in equity for a declaratory judgment, asking the court to hold that the operation of their business establishment comes within the exceptions to the licensing requirements of the Iowa Liquor Control Act as amended by chapter 114, section 30, of Senate File 437, passed in 1963 by the Sixtieth General Assembly, which provides:

"It is unlawful for any person, firm, corporation, partnership or association to allow the dispensing or consumption of intoxicating liquor or intoxicating beverages except sacramental wines and beer, in any establishment unless such establishments are licensed under this title.

"Provided, however, the provisions of this section shall not apply to bona fide conventions or meetings where mixed drinks are served to delegates or guests without cost. All other provisions of this chapter shall be applicable to such rooms. The provisions of this section shall have no application to occasional private social gatherings of friends or relatives in a private home or place."

The trial court held that plaintiffs' operation was within these exceptions and enjoined the defendants from interfering therewith. Defendants appealed.

Plaintiffs have operated the Mayflower in Iowa City for over 14 years. Their business consists of renting the establishment to private persons, firms, corporations or associations for private purposes such as dinners, parties, meetings or other gatherings. Plaintiffs prepare and serve food to such gatherings if requested to do so. Arrangements for the renting of the premises and the menu must be made in advance. The rental charge depends upon the number of dinner reservations. If the number of dinners is less than a fixed minimum there is an additional cash rental.

If mixed drinks are consumed, plaintiffs also charge for the mix, ice and glasses and will furnish a bartender if requested. The parties must supply their own liquor and may mix their own drinks. The establishment is not open to the public in the sense that the public may come in at anytime and be served. A minimum rental must be paid for the privilege of occupying the premises for a particular occasion, at which time the parties leasing the premises have the "run of the place".

The Lions Club meets there once a week, but does not bring liquor. Representative groups which have rented the premises include the Junior Chamber of Commerce, Optimists Club, Kent Feeds, Johnson County Bar Association, fraternities and sororities, businesses and individuals. There is no question of subterfuge or the violation of any provisions of the Act other than the one in question.

Most of the matters raised on this appeal have been answered in our opinion in Sioux Associates, Inc. v. Iowa Liquor Control Commission, 257 Iowa 308, 132 N.W.2d 421. It would serve no purpose to repeat, at this time, the reasoning and authorities set forth there.

I. Defendants contend the Mayflower is not a "private home or place" within the meaning of the licensing exception. This contention is answered by Sioux Associates in which we hold that private modifies both home and place and that a "private place" is one "to which the public does not have and is not permitted to have access and is not a place of public resort." The Mayflower is closed to the public except by rental arrangements made in advance. When rented, only those invited by the renter are admitted and they have the exclusive use of the estab-

lishment. Although there are separate rooms, only one party has been permitted on any given night since the Act was passed. So long as attendance is restricted to invited guests both the place and the gathering are private.

■ II. The evidence shows that at least during part of the year the premises are rented four or five nights a week to different parties and that it may be used some 200 times a year. Defendant contends that it therefore is not an "occasional gathering of friends or relatives". In Sioux Associates we held that occasional did not constitute a restriction on the landlord, but rather a limitation on the use by any one tenant. If the restriction were on the landlord, the exception would become meaningless for no one could maintain facilities large enough to handle large parties or dances if they could only be used a few times a year. The only regular renter here is the Lions Club which meets weekly. Since no liquor is involved at such meeting, there is no question of a statutory violation. All other tenants come within the definition of "occasional" contained in Sioux Associates.

III. Defendants contend plaintiffs have failed to show that parties were "gatherings of friends". In Sioux Associates we held members of a dance club were friends within the meaning of the statute. The same can be presumed about members of service clubs, associations, fraternal organizations and employers and employees. It must be remembered that "gatherings of friends" applies to homes as well as places. It would create an impossible enforcement problem if the exact nature of the relationship between the parties became the determining factor. Certainly acquaintances with similar interests should be considered as friends for the purpose of this statute. Private parties would presumptively include only friends.

■ IV. Facts here differ from Sioux Associates in that plaintiffs serve food, sell the mix and ice and will furnish a bartender while in Sioux Associates the renters brought their own mix and ice and sold the setups to the members of the dance clubs. We do not believe the factual difference is important as the statute does not punish the actual dispensing or consumption of liquor, but makes it unlawful *to allow* the dispensing or consumption. Plaintiffs in Sioux Associates permitted the dispens-

ing and consumption of liquor on their premises fully as much as plaintiffs here.

V. Defendants argue orally that some of the rentals which were obviously bona fide conventions or meetings did not come within the exception because the proprietor charged the host for the mix and ice and therefore the drinks were not "served to delegates or guests without cost". We do not so interpret the statute. The host in some manner will pay for the mixed drinks. Whether he pays the proprietor or buys the mix at a grocery store and brings it himself is immaterial. If there is no cost for the drinks to the delegates or guests at a bona fide convention or meeting, it is within the exception. If the guest or delegate paid for the mix or ice for his mixed drink the exception would not apply.

VI. The trial court granted a temporary injunction enjoining the peace officers, "pending the final disposition of the case on its merits, from molesting or interfering with the plaintiffs in the operation of the Mayflower, * * * so long as said plaintiffs are not furnishing liquor or selling the same; that the defendants are enjoined from interfering with private parties held at the Mayflower, where the members of the private party furnish their own intoxicating liquor for themselves and do not sell the same, so long as said parties do not become boisterous or loud or a nuisance, it being the intention of the Court that said injunction shall restrain the defendants and their agents and peace officers from construing the Act in any other way pending the litigation of this case than that section 30 should apply to the plaintiffs herein."

In its judgment the trial court made the injunction permanent. Defendant claims the court erred in granting this injunction.

We need not decide whether it was error for the trial court to issue a temporary injunction enjoining the officers from interfering with plaintiffs' business until a declaratory judgment was obtained. That question became moot when final judgment was entered. We shall therefore address our attention to the permanent injunction only.

The record is clear that there was no harassment of

plaintiffs by any peace officers. There was a genuine disagreement on the legality of plaintiffs' operation under the Act. It was plaintiff's fear that the officers, interpreting his operation as a violation of the law, might raid his place and cause embarrassment to his customers. We have now held that plaintiffs' operation is within the exceptions to the licensing provision and not illegal. There is nothing in the record to indicate the officers will raid plaintiffs' establishment or cause them any undue difficulty now that the law has been interpreted. In the absence of proof to the contrary we must assume that they will accept this interpretation as the law and abide by it. Plaintiffs are entitled to the same protection as other parties operating within the law, but not to the additional protection of such an extraordinary remedy as an injunction. Peace officers should have the same right to investigate alleged violations on plaintiffs' premises as on any other.

 Injunctions should be granted with great caution. This is particularly applicable when addressed to peace officers conscientiously attempting to enforce the law. Joyner v. Hammond, 199 Iowa 919, 921, 922, 200 N.W. 571, 36 A. L. R. 934; Wood Brothers Thresher Co. v. Eicher, 231 Iowa 550, 558, 559, 1 N.W.2d 655; Kent Products, Inc. v. Hoegh, 245 Iowa 205, 212, 213, 61 N.W.2d 711.

In Kent Products, Inc., at page 215, in canceling the order for a temporary injunction, we say: "It is not shown defendant state officers will engage in needless, oppressive or vexatious prosecutions. All that appears is that they will attempt to do their duty * * *."

A similar showing is made here. Their duty will now be governed by the law as herein interpreted.

That portion of the judgment making the temporary injunction permanent is reversed.—Affirmed in part; reversed in part.

LARSON, PETERSON, THORNTON, SNELL and MOORE, JJ., concur.

THOMPSON, J., and GARFIELD, C. J., dissent.

HAYS, J., takes no part.

THOMPSON, J. (dissenting)—This case is a companion case to Sioux Associates, Inc. v. Iowa Liquor Control Commission, 257 Iowa 308, 132 N.W.2d 421, and this dissent is a companion dissent to the one filed therein. What was said in the dissenting opinion there is applicable here; all of what is said here is likewise pertinent to the dissent in Sioux Associates.

I. For the sake of brevity I shall refer to the Sioux Associates case as Sioux, and to the instant case as Carey. The question of strict construction of the exception provided in the statute, relieving from its operation "occasional private social gatherings of friends or relatives in a private home or place" is discussed in the dissent in Sioux, and need not be repeated here. Reference is made, however, to the authorities there cited: Wood Brothers Thresher Co. v. Eicher, 231 Iowa 550, 562, 563, 1 N.W.2d 655, 661; Hawkeye Portland Cement Co. v. Chicago, Rock Island & Pacific Railway Co., 198 Iowa 1250, 1255, 201 N.W. 16, 19.

II. In the Sioux dissent, however, the question of the meaning of "a private home or place" as used in the statute was not extensively considered. But I think a proper construction of these terms rules both cases and denies the right of the plaintiffs to the relief asked, in each.

The question of the application of the rule of ejusdem generis is only sketchily dealt with in the Sioux case, and the holding there is adopted by the majority opinion here without further consideration. Both cases, therefore, rely upon the somewhat meager analysis of the question in Sioux, and both reach an unsupportable conclusion. It is achieved by writing the word "home" out of the statute, and discussing only the adjective "private". So, instead of considering the entire term "private home", the majority in Sioux, followed without further analysis in Carey, gives the governing part of the term no real consideration. This achieves the result sought, but entirely overlooks the real issue.

Lord Tenterden's Rule, known to our law as the principle of ejusdem generis, is thoroughly established and understood, and has been applied in many cases, both in Iowa and in other jurisdictions. The words "ejusdem generis" mean literally "of the

same kind or species." 28 C. J. S., Ejusdem, page 1049. The rule is that "where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind * * *." 28 C. J. S., Ejusdem, pages 1049, 1050; Hewitt v. Whattoff, 251 Iowa 171, 175, 100 N.W.2d 24, 26. The majority says in Sioux, that there is no "clean-up" or general word in the statute under consideration. It is not necessary that there be a "clean-up" word, in the terms of "or otherwise" or similar terms. In State v. Wignall, 150 Iowa 650, 128 N.W. 935, 34 L. R. A., N. S., 507, the leading case in Iowa on this point, the target phrase was "or person"; and we held this meant a person who was engaged in the same kind of activities as delineated in the preceding specific terms. There the general term was "or person"; here it is "or place". It is not possible to say one is a general term while the other is not. So it is not possible to agree with the trial court, and the majority, that there is no general term involved here. The specific words in the statute are "a private home"; and the general words following are "or place". It is of course not required that the specific words be several, or more than one; a single specific term preceding a general term calls for an application of the rule. Certainly a "home" is specific; and equally certain, a "place" is general. It begs the question to say that the only important word in the specific term is "private"; it is merely an adjective describing and making the specific word "home" more specific. The genus word is "home".

Applying the rule to the actual wording of the statute, we have the specific words "a private home" and the following words "or place". In Brown v. J. H. Bell Co., 146 Iowa 89, 98, 123 N.W. 231, 234, 27 L. R. A., N. S., 407, Ann. Cas. 1912B 852, we said "the purport of which [ejusdem generis] is that, where specific words of the same nature are used in a statute followed by the use of general ones, these general terms take their meaning from the specific ones and are restricted to the same genus; in other words, comprehend only those things of the same kind as the specific ones." We quoted and followed this in State v. Cusick, 248 Iowa 1168, 1171, 84 N.W.2d 554, 556. In this case (page 1172) we quoted with approval this statement: "It has

been said that the rule has been universally applied with some degree of strictness, so as not to enlarge the provisions of a statute, unless it was manifest from a reading of the whole statute, or relative statutes, that it was intended to broaden powers delegated." 28 C. J. S., Ejusdem, page 1050.

In Hewitt v. Whattoff, supra, we said that the general term must be applied only to "something of the same genus, of the same kind, as the things specifically named." Loc. cit. 251 Iowa 176, 100 N.W.2d 27. "Genus" is defined in Webster's Third New International Dictionary as meaning "a class, kind, or group marked by common characteristics or by one common characteristic".

So we have here the specific term "private home" followed by the general term "or place". It seems to me inescapable—although the majority escapes it—that the rule of ejusdem generis applies here in full force; and that the general word "place" must mean a place of the same kind or class, and having common characteristics as a "home". Such might be a hotel or motel, or boardinghouse room; but not a commercially operated ballroom, restaurant or nightclub, or place devoted to the serving of meals and rental of banquet rooms, for profit. A home, says Webster's Third New International Dictionary, is "the house and grounds with their appurtenances habitually occupied by a family; one's principal place of residence; domicile; a private dwelling." I doubt anyone will contend a commercial ballroom, as in Sioux, or the operation conducted by the plaintiffs, as in Carey, comes within either the dictionary definition of a home or the popular understanding of the word.

The majority, in Sioux, adopted in Carey, says if "place" were intended to mean the same thing as "home", there would be no occasion to use it at all. What the majority is really saying here is that the rule of ejusdem generis is either meaningless, or should be abrogated. For the same argument could be made in each case where the rule applies; if the general term must mean only the same thing, or things, as the specific words which it follows, why is it written into the statute in the first place? The answer, as applied to the case at bar, is that apparently the legislature wished to except not only private homes, but things of a

similar nature, such as the hotel and motel and boardinghouse rooms previously referred to. These have the general characteristics of a home; temporary, in many cases, but still used as a dwelling place for longer or shorter periods. Another answer is that the rule is thoroughly established as one of statutory construction; is universally accepted and followed, and we ourselves have applied it in many cases.

Indeed, the argument at this point operates in reverse to the reasoning of the majority. If any private place is within the exception to the statute, as the majority holds, why is the word "home" included at all? A private place would necessarily include a home. But the hard fact is that the word "home" is there. We must assume the legislature put it there for a definite purpose and to have a definite meaning. It is a specific term preceding the general term "place". The place, therefore, must be of the same genus as a home. In this a dance hall or cafe surely fails for want of the chief characteristic of a home; for neither is a dwelling place, or residence, or domicile.

The majority selects one characteristic of a home—"private" —and ignores all others. The primary characteristic of a home is that it is a dwelling place; indeed, the adjective "private", which is all the majority considers, is a redundancy. All homes are private, but all private places are not homes. But, by ignoring the other attributes of a "home" the majority succeeds in defeating the rule. I suggest that the rule means here clearly, that the "place" which follows "private home" in the statute means a place with the same characteristics; of the same kind. And the most marked characteristic of a home is that it is a dwelling place; a domicile; the building where one resides. Certainly a public dance hall or a building devoted to use as a supper club or restaurant is not of the same kind and does not have the same characteristics as a home. The answer to both Sioux and Carey is found at this point. The rule of ejusdem generis applies equally and fully in both cases.

III. Leaving the question of ejusdem generis, which seems to me clearly to rule both Sioux and Carey, there is the question whether the plaintiffs' operation in Carey is in fact a "private place" within the meaning of the statute. This is generally a fact

question, to be determined from the evidence as applied to the wording of the statute. The plaintiffs plead that their business has been established and operating for a long period of time, and is well known "throughout Iowa City, Johnson County, and the State of Iowa." Few private places are so well known. The plaintiff Fred P. Carey, testifying in his own behalf, said: "Who gets to come to the parties is up to the person who has leased the premises, and they tell me in advance how many people are going to be there. When I said there was a minimum number that I insisted upon, I meant that in relationship to the serving of food. If we do not have a certain amount of dinners, then we make them pay a rental charge in addition." Further, he testified: "Any corporation or partnership or association or legitimate organization can rent a room."

While Mr. Carey said repeatedly that he does not serve the public, this is true if at all only in a most technical sense. Anyone can rent a room; the only qualification being that if he does not purchase a sufficient number of dinners he will be required to pay some rental for the room, or rooms, used. Apparently any orderly individual could secure service, even if he were alone, if he wished to pay whatever extra would be charged him in the way of rental. There is no other restriction on the size of the groups, except of course that they be orderly. The plaintiffs are in the position of the man who said he dealt only with his friends, but that he "hadn't an enemy in the world."

I cannot believe the legislative enactment, strictly construed against the exception, is shown to exempt such operations as the plaintiffs are conducting here. However, I am convinced the rule of ejusdem generis so clearly covers the situation that I shall not further stress the factual point discussed briefly in this division.

The judgment of the trial court should be reversed.

GARFIELD, C. J., joins in this dissent.