STATE OF IOWA v. FERDINAND GRAFF, Appellant.

Construction of Statute:   SELECTION OF GRAND JURY.   The act of April 26, 1894, which amended the law as to the grand jury, was, by its express terms, not to take effect until July 1, 1895.   *Held*, the grand jury drawn for 1895, under the law as it stood before amendment, constituted the grand jury for all of 1895.

*Appeal from Dubuque District Court.*—HON. FRED O'DONNELL, Judge.

THURSDAY, APRIL 9, 1896.

DEFENDANT was held in jail to answer before the grand jury for the crime of larceny from a building in the night time.   At the September term, 1895, he was brought before the grand jury for the purpose of exercising his right of challenge.   He challenged the panel "for that said grand jury was not listed, drawn, and impaneled under the enactments of the Twenty-fifth General Assembly (chapter 70), nor was any notice published in accordance with said laws, and for those reasons said grand jury was of no legal existence, and had no right to indict."   The challenge was overruled, and said grand jury returned an indictment charging the defendant with the crime of larceny from a building in the night time.   Defendant pleaded not guilty to said charge, and was tried and convicted thereof.   His

motion for a new trial was overruled, and judgment
entered that he be imprisoned in the penitentiary for
the period of two years and six months at hard labor.
Defendant appeals, assigning as errors the overruling
of said challenge and said motion for a new trial.—
*Affirmed.*

*W. J. Cantillon* for appellant.

*Milton Remley*, attorney general, for the state.

GIVEN, J.—I.   This grand jury was selected,
drawn, and summoned, as provided in chapter 10, of
title 3, of the Code of 1873, and under that statute
constituted the grand jury of Dubuque county, for
the year 1895.   April 26, 1894, chapter 70, of the Laws
of the Twenty-fifth General Assembly, entitled "An
act to amend chapter 10, title 3, of the Code of
1873, relating to selecting and drawing jurors," was
approved.   Said chapter 70, provides a different mode
of selecting jurors from that provided in said chapter
10; and appellant's contention is, that the latter act
repealed the former, as to the mode of selecting
jurors; therefore, this grand jury, though legally
selected under said chapter 10, had ceased to exist,
by reason of said repeal.   Said chapter 70 provides,
that "all statutes and parts of statutes in conflict
with this act, are hereby repealed, but this repeal
shall not take effect before July 1, 1895." A grand
jury could not be selected after July 1, 1895, for that
year, in the manner provided in said chapter 70.   We
are in no doubt but that it was the intention of the
legislature, that grand juries selected under said
chapter 10, for the year 1895, should continue to serve
through the year, as provided in said chapter 10.
Under chapter 70, there was no list from which to
draw jurors, until the assessor's returns for 1895, were

made. The provisions of chapter 70, as to selecting grand juries, are not in conflict with chapter 10, as to grand juries in existence when chapter 70 took effect; and therefore, grand juries legally organized under chapter 10, for the year 1895, were legal grand juries for that year.

II. Defendant moved for a new trial, on the grounds of newly-discovered evidence, and that the verdict is contrary to the evidence. Newly-discovered evidence is not a ground for granting a new trial in criminal cases. Code, section 4489. The evidence fully sustains the verdict. We find no error in the record, and think that the defendant received a fair and impartial trial.— AFFIRMED.