CARTER *v.* STATE.

Opinion delivered December 3, 1906.

LIQUORS—SOLICITING ORDERS IN PROHIBITION TERRITORY.—An advertisement in a newspaper published in a prohibition district that liquor may be obtained from a licensed liquor dealer doing business elsewhere is not a solicitation within the meaning of Kirby's Digest, § 5133, making it unlawful for any person, firm, partnership, or corporation engaged in the sale of liquors to solicit orders for the sale of liquors in any place where the same is prohibited by law.

Appeal from Howard Circuit Court; *J. C. Pinnix,* Special Judge; reversed.

W. E. Carter was indicted for soliciting orders for the sale of whisky in a prohibition district.

The evidence established that Carter was a traveling salesman for Bonny Brothers, wholesale whisky dealers, and that J. M. Strange and J. A. Wilson were retail whisky dealers at Texarkana, Ark.; that Carter went to Nashville, Ark., a prohibition district, and inserted in a newspaper published there the following advertisements, viz.: "J. M. Strange, in Texarkana, will be glad to have your orders for Joel B. Frazier Whisky," "Please send your order to J. A. Wilson, of Texarkana, for Bonnie Rye."

The court instructed the jury that if Carter was a traveling salesman for Bonny Bros., sellers of the brands of whisky mentioned in the advertisements offered in evidence, and the witnesses, Strange and Wilson, purchased said brands of whisky from him, and kept same for sale in their business at Texarkana, and he caused the advertisements to be published in the Nashville News, a newspaper published in Nashville, he should be convicted. The court further instructed the jury to return a verdict of guilty, to which appellant excepted.

Carter was convicted and adjudged to pay a fine, and has appealed.

*Sain & Sain* and *Murphy, Coleman & Lewis,* for appellant.

1. The act, Kirby's Digest, § 5133, is unconstitutional, being in violation of art. 2, sec. 2, State Const., and of the 14th amendment U. S. Const. 6 L. R. A. 847; 123 U. S. 661; 50 L. R. A. 493; 82 Fed. 623; 63 Am. Dec. 391. See also 97 U. S. 659; 58 L. R. A. 266; 67 N. Y. App. 403.

2. If the act is upheld as a proper exercise of police power, still appellant is not within its terms. Since the statute, in defining the offense, designates persons who are engaged in the liquor traffic elsewhere, where the traffic is lawful, as the class of persons subject to the penalty, all others are thereby excluded from punishment. Suth. Stat. Const. §§ 325, 327; 54 Mo. 400; 38 Ark. 521. The notices were prepared and published without authority from the dealers who were named therein, and appellant was not their agent. This is not solicitation within the meaning of the statute.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

HILL, C. J. The facts of this case which will be found stated by the Reporter, call for a decision as to whether an advertisement is within the meaning of the solicitation denounced by § 5133, Kirby's Digest, which reads as follows: "It shall be unlawful for any person, firm, partnership or corporation engaged in the sale of alcohol or any spirituous, ardent, vinous, malt or fermented liquors where the same may be lawful, to solicit orders, either by agent or otherwise, for the sale of alcohol or any spirituous, ardent, vinous, malt or fermented liquors in any place or places in this State where the same is prohibited by law."

The many uses of the term "advertise," in its various forms, may be found in the Century Dictionary, from which this definition—the one most nearly reaching to the facts here—is taken: "The act or practice of bringing anything, as one's wants or one's business, into public notice, as by paid announcement in periodicals, or by handbills, placards, etc., as to secure customers by advertising." "To solicit" is thus defined: "To importune, entreat, implore, ask, attempt, try to obtain." Anderson's Law Dictionary. See also Century Dic. "Solicit." None of the uses of this term embrace advertising, although advertising is a method, in a broad sense, of soliciting the public to purchase the wares advertised. But soliciting is a well known and defined action, and advertising is an equally well known and defined action, and they are not identical. It is true that they are intended to reach the same result, the sale of the wares, but different routes are traveled in reaching that end; one is legislated against, and the other is not.

.   If the Legislature intended to make criminal the advertisement in prohibited district of liquor, it would have said so, and not left such an important matter to be implied from the use of a general term.    It would be a strained and unnatural use of the term "solicit" to include in it advertisements in newspapers.

Judgment reversed.