### STATE OF IOWA v. JESSE FINLEY, Appellant.

**Criminal law:** EVIDENCE: DECLARATION BY THIRD PARTY: OBJECTIONS.

1 Where a party has made no objection to the introduction of evidence upon the trial he can not complain thereof on appeal. In this case the state offered evidence in rebuttal as to a declaration by another concerning what an accomplice in the crime told him as to who had committed the offense; and while not admissible as substantive evidence yet the objection can not be raised for the first time on appeal.

**Examination of witness:** DISCRETION. The form of questions pro-

pounded to a witness and rulings on objections to the examination are largely matters of discretion with the trial court, and will not be interfered with on appeal unless an abuse of such discretion is shown.

**Instructions:** EXCEPTIONS: REVIEW ON APPEAL. Where no exceptions are taken to the instructions given by the trial court they will not be reviewed on appeal.

*Appeal from Poweshiek District Court,* HON. B. W. PRESTON, Judge.

THURSDAY, JUNE 9, 1910.

DEFENDANT was indicted, tried, and convicted of the crime of murder in the first degree, and sentenced to the state penitentiary for life. He appeals. *Affirmed.*

*Tom H. Milner,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

DEEMER, C. J.—Defendant is accused of having killed and murdered one Thos. W. Read. The murder is said to have occurred in January of the year 1905; and the state, for a conviction, relies largely upon the testimony of one Philip Martin, who it is admitted was an accomplice, if his testimony is to be believed.

Something like seven assignments of error are made, but they may be grouped under three heads. First, it is contended that the court erred in its rulings on the admission and rejection of testimony; second, that it erred in its instructions to the jury; and third, that the verdict is without support in the testimony.

I. A witness called by the state in rebuttal testified to a declaration made by one McGee as to what Martin, the accomplice, told him (McGee) as to who had killed Read.

McGee had been called by defendant as a witness for the defendant, and it is claimed that the testimony offered by the state rebutted McGee's testimony, or at least tended to impeach McGee. The record is in no such condition that we can determine this question. The testimony of which complaint is made was not objected to at the time it was offered, or at any other time, and defendant asked no instructions with reference thereto. It is manifest that the testimony was not admissible as substantive evidence, and that it may not have been admissible at all. But as defendant made no objection thereto he cannot complain thereof on this appeal. Nowhere in the record made in the trial court was there any objection to or complaint made of this testimony. Without objection or complaint in the lower court there is nothing for us to consider. *State v. Rennick,* 127 Iowa, 294; *State v. Stafford,* 145 Iowa, 285; *State v. Pratt,* 20 Iowa, 268, and cases cited.

1. CRIMINAL LAW: evidence: declaration by third party; objections.

Rulings on objections made by the state to the cross-examination of some of its witnesses, and upon objections made by the defendant to the form of certain questions propounded to its witnesses by counsel for the state, are complained of. Such rulings as are well known are largely discretionary, and an appellate court is not justified in interfering in the absence of a showing of abuse of that discretion. This does not appear in the record as presented to us. Other rulings are complained of which need not be set out, as they embody well-settled principles of law, which need not be elaborated.

2. EXAMINATION OF WITNESS: discretion.

II. The trial court gave the following, among other instructions: "It is for the jury to say whether or not, under all the facts and circumstances proven on the trial, there has been sufficient corroboration of the witness Martin. In passing on this question, it is proper for you to take into consider-

3. INSTRUCTIONS: exceptions: review on appeal.

ation any statements made by the defendant, Finley, if made in reference to the alleged crime, to other witnesses, or on the witness stand in his own behalf; also, whether or not he was with Martin on the evening before the alleged killing, and the circumstances thereof, and his conduct and association with Martin thereafter, if shown and as shown; whether or not the defendant Finley, by his actions or conduct, attempted to screen, and did screen, said Martin from suspicion in regard to the transaction, and all other facts and circumstances shown by the testimony, as bearing on that question." This is complained of because it is said it was impossible for the jury to tell whether the court was referring to the question of Finley's credibility or to the corroboration required. As no exception was taken to this or any other instruction given by the trial court, and as defendant asked no instructions there is nothing for us to consider. *State v. Hathaway,* 100 Iowa, 225. The instruction is not in itself erroneous in any event.

III. Defendant did not file a motion for a new trial nor did he ask for a directed verdict, but he now insists that the verdict is without support in the testimony. With this contention we cannot agree. There was sufficient testimony, if believed, to justify the verdict, and we should not interfere.

We see no tenable ground for reversing the case, and the judgment must be, and it is, *affirmed.*