STATE OF IOWA, Appellee, v. G. B. PROPP, Appellant.

**WITNESSES:** Credibility—Cross-Examination in re Depraved Habits.
Cross-examination of a witness on matters tending to show his de-
praved habits may be refused, when such matters otherwise appear
in the record, and especially when no claim is made that such matters
affected the credibility of the witness.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 22, 1921.

REHEARING DENIED MARCH 11, 1922.

DEFENDANT was convicted of the crime of receiving and
aiding in concealing stolen property, and appeals from the judg-
ment entered on the verdict.—*Affirmed.*

*Parsons & Mills,* for appellant.

*Ben J. Gibson,* Attorney General, for appellee.

DE GRAFF, J.—The indictment charges that on or about
the 10th day of July, 1919 the defendant feloniously received
and aided in concealing a Cadillac automobile which had pre-
viously been stolen by other persons from its owner W. F.
Miller.

The evidence discloses without serious dispute that in the
latter part of July or early part of August, 1919 a young fellow
named Herrebout, who had been one of the parties who had
stolen the car, visited the defendant Propp for medical treat-
ment. It appears that the defendant was a member of the medi-
cal profession in the state of Missouri, but unlicensed in the
state of Iowa, and at the time in question was an assistant to
Dr. Mendenhall in the practice of medicine in the city of Des
Moines. Herrebout testified that during one of these visits he
told the defendant about the stolen car and explained that it
needed repairs but that he had no money to pay for the same.

Later the defendant called the proprietors of a certain garage, introduced Herrebout to them under the name of Garrett, and made arrangements to have the car repaired at defendant's expense. This was done. Later, at the request of the defendant, Herrebout drove the car to another place where it was kept until the defendant instructed Herrebout to drive the car to the defendant's home in Kansas City, Missouri. Prior to this incident an accomplice of Herrebout was arrested in Des Moines, and Herrebout fearful of arrest, and after discussing this matter with defendant the latter made arrangements for the safe-keeping of Herrebout. He was taken to the home of Jessie Hyde, the defendant's office girl, where he remained four or five days immediately prior to his departure with the car for Missouri. During this time the defendant furnished Herrebout with food, and on the last evening furnished a road map and gave Herrebout specific directions as to the route and what to do when he arrived at Kansas City. The defendant preceded Herrebout to Kansas City and met him there. While at Kansas City Herrebout stayed about a week in the home of the defendant. Later the defendant secured a job for him on a farm near Lee Summit, Missouri.

There is little occasion to recite in detail the facts which clearly establish the guilt of the defendant as charged in the indictment. In fact appellant "frankly concedes that the evidence makes a jury question and knows that this court does not undertake to weigh evidence where there is sufficient to warrant a submission."

The only point seriously argued by appellant is predicated on the limitation of the cross-examination of the witness Herrebout. Defendant sought to prove that Herrebout was afflicted with a sexual disease at the time of his treatments by the defendant; that Herrebout brought a woman patient to the defendant for treatment, and that the defendant did undertake and did treat her for a sexual disease at the request and suggestion of Herrebout, and that Herrebout brought men from Fort Des Moines to the defendant for similar treatment. The court sustained objections to questions embodying the subject-matter as indicated above, and rejected the offer of such testimony by the defendant.

The theory of appellant is that Herrebout having been put on the stand and having told his story involving the criminality of the defendant in the matters charged he is entitled on cross-examination to show all of the surrounding facts and circumstances bearing on the relation of these two men.

We are not impressed with this suggestion. It is not contended that the proposed testimony tended to affect the credibility of the witness Herrebout nor was it offered on this theory. It might tend to establish a friendly and more or less intimate relationship between Herrebout and the defendant, but its exclusion would be without prejudice to the defendant. It does appear in the record that Herrebout was treated for a social disease and that he took others to defendant for such treatment including a girl. Furthermore the evidence discloses that the defendant was engaged in treating people for venereal disease. If testimony of this character tended to affect the credibility of Herrebout and to establish his depravity the jury had the benefit of the offered testimony and could give it such weight as it saw fit. The opening of the door wider by the court for the admission of such testimony had little, if any, bearing on the guilt or innocence of the defendant for the crime charged.

The rule limiting cross-examination in any particular case is left to the sound discretion of the trial court, and his action will not be reviewed on appeal unless a clear abuse of discretion is shown.

We find no error in the record and the judgment entered is therefore—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.