STATE OF IOWA, Appellee, v. CAM ARCHIBALD, Appellant.

No. 39238.

June 24, 1929.

Rehearing Denied September 30, 1929.

*C. A. Baker,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *W. B. Hays,* County Attorney, for appellee.

Grimm, J.—This case has previously been before this court. *State v. Archibald,* 204 Iowa 406. Many errors are claimed on behalf of the defendant, but only ten are presented in argument, and these may be grouped under a few general heads.

I. It is claimed that the court erred in the matter of impaneling the petit jury for the trial of the case. It appears that, when the case was reached for trial, the regular panel drawn  for the term had been discharged, and a new panel was ordered by the court. The principal objection raised to this procedure is that the notice of the time and place of the drawing of the special panel, provided in Section 10879 of the Code of 1927, was not given to the ex-officio commission. The record made in connection with the drawing is as follows:

"The Court: You may let the record show that a new panel of 36 jurors was ordered by the court on Friday, the 3d day of February, to be drawn for jury service for the remainder of the January term and that, upon the convening of the court on the 7th day of February, at which time said jury was summoned to appear, excuses presented by the jurors drawn, and the failure of the sheriff to obtain services on some of the jurors drawn, reduced the panel present and available for jury service to 17; that the court at once ordered 25 additional jurors drawn from the regular list for service, not only for the purposes of this case, but for the balance of the January term of this court; that

the jury box was filled from the jurors at this time available for the trial of any case pending in this court, and the parties directed to examine this jury for cause.''

It is not claimed that the ex-officio members of the commission were not present, or that they did not properly perform their duty. The only objection is that the five-day notice, as hereinbefore referred to, had not been given. This was not necessary, under the circumstances as disclosed in the case. The record before us is silent as to whether the defendant exercised any or all of his peremptory challenges. The record is equally barren of any evidence on the question of any prejudice to the defendant by reason of the·manner in which the jury panel was drawn. There is no showing that he did not have a fair jury. In *State v. Burris*, 194 Iowa 628, in passing upon an alleged error in the conduct of a jury commission which met in December, instead of November, as by law provided, this court said:

"The provision of the statute with regard to the date of the meeting of the jury commission is directory, and not mandatory, and the selection of the jury lists in December, instead of November, as provided by the statute, did not render such lists invalid and void. The meeting, although irregular, was not illegal or invalid; and, unless some prejudice is shown to have resulted from the failure of the jury commission to meet at the designated time, their action at a subsequent date was not invalid. As bearing on the question, see *State v. Graff*, 97 Iowa 568.''

The foregoing is applicable to this case. It is fair to assume that the notice referred to was provided, largely at least, for the benefit and convenience of the members of the ex-officio commission. At all events, the ex-officio commission acted in this case, and there is no showing of prejudice.

II. Complaint is made of the cross-examination of Otto Whisler, an accomplice in the crime charged. On the former trial appealed to this court, declarations of Whisler following  the commission of the crime and in the absence of the defendant on the trial were held inadmissible. While Whisler was extensively cross-examined in the instant case, we find no record of evidence such as was held objectionable on the former appeal.

We have read the record with care, and we find that all of the cross-examination permitted by the court was within the proper discretion of the court under such circumstances, and was all well calculated to enlighten the jury upon the character of the witness and his credibility. Some of the questions had to do with his motives and reasons for giving the testimony which he gave. Some of the questions bore directly upon his previous relations with the defendant, and had a distinct bearing upon his interest or lack of interest in the case, and had a bearing upon the credibility of his testimony. It would serve no good purpose to quote the record on the subject, which is quite lengthy. As was said in *State v. Propp*, 193 Iowa 383:

"The rule limiting cross-examination in any particular case is left to the sound discretion of the trial court, and his action will not be reviewed on appeal unless a clear abuse of discretion is shown."

See, also, *State v. Kendall*, 200 Iowa 483; *State v. Weems*, 96 Iowa 426, 441; *State v. Row*, 81 Iowa 138.

We find no reversible error on this point in the case.

III. Error is predicated on alleged misconduct of counsel for the State during the trial, in, as is claimed, propounding and repeating prejudicial questions which were irrelevant and immaterial. We have examined all these questions carefully, and find no error.

IV. Complaint is made that there is a variance between the proof and the charges in the indictment as to the ownership of the property broken into. The charge in the indictment is that the defendant broke and entered "a certain chicken house, then and there the property of Paul Caylor, where goods, merchandise and valuable things were kept for use, sale, and deposit, * * * then and there the property of Paul Caylor and Lee Walker."

While it appears from the record that the legal title to the property was in the father of Paul Caylor, the evidence is without dispute that Paul Caylor was in actual possession of the premises, and lived thereon until a few days before the commission of the crime charged, when he left the property in the charge of Walker. Walker and Paul Caylor owned property

together, including chickens, some of which it is charged were stolen. It is apparent from the record that the Walkers were, to a certain extent at least, operating the farm for Caylor, and in his name and stead, and that he (Paul Caylor) had possession and charge of the farm through Walker. Under such circumstances and proof, there is no prejudicial variance. There is no dispute about the location and description of the property, or that it was broken into by someone as and when charged in the indictment, and that chickens were stolen therefrom.

V. Complaint is made that a certain veterinary who had had some experience in chicken raising was not permitted to testify as an expert as to the habits of chickens. Suffice it to say that the witness had not properly qualified himself to testify as an expert on the subject under inquiry, and no error was committed in that regard. Furthermore, it is very doubtful whether the hypothetical question propounded contained a proper subject for expert testimony.

VI. Error is predicated upon the refusal of the court to give various instructions asked by the defendant. We have examined the court's instructions, together with the defendant's requests for instructions, and we find no error.

We have carefully examined the record upon all the complaints made by the defendant, and find a fair trial, without prejudice to the defendant. Therefore, the cause must be, and is,—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.