This was a proceeding instituted before the North Carolina State Board of Dental Examiners upon an accusation against Dr. J. E. Owen, *Page 446 
a dentist licensed by the State, duly filed under the provisions of C. S., 6649, by Drs. Bennett, Little, and Wells, dentists.
The accusation was heard and judgment entered by the Board of Dental Examiners, from which the respondent, Dr. J. E. Owen, appealed to the Superior Court. The case was transferred from Wake County to Buncombe County, where it was heard at term time upon an agreed statement of facts, and judgment was there entered revoking the license of the respondent to practice dentistry. From this judgment the respondent appealed to the Supreme Court, assigning errors.
The portion of the statute, C. S., 6649, as amended by chapter 270, Public Laws 1933, pertinent to the accusation filed, reads: "Whenever it shall appear to the Board of North Carolina Dental Examiners that any licensed dentist practicing in the State has been guilty . . . of false notice, advertisement, publication, or circulation of false claims, or fraudulent or misleading statements of his art, skill, or knowledge, or of his method of treatment or practice, . . . or has by himself or another solicited professional business, the board shall revoke the license of such person."
"The accusation filed charges: (1) "That the said Dr. J. E. Owen has, since 18 June, 1933, by himself and by another, solicited professional business as a practitioner of dentistry by running paid advertisements, and/or solicitation for professional business in the Asheville Citizen," and
(2) "That since 18 June, 1933, the said Dr. J. E. Owen has, by himself or another, solicited professional business by advertisements upon the buildings in the city of Asheville in which said Dr. J. E. Owen has his offices, said signs or advertisements soliciting professional business all being painted in yellow and black colors," and of large dimensions.
It will be noted that nowhere in the accusation is there any charge of false advertisement or publication, or of the circulation of any false claims or fraudulent or misleading statements. The charge is (1) that the respondent solicited professional business as a practitioner of dentistry by running paid advertisements in the newspapers, and (2) that he solicited professional business by signs in colors and of large dimensions upon the building in which he has his office.
In the agreed statement of facts upon which the case was heard in the Superior Court there is no mention of false advertisements, or of circulation of false claims or fraudulent or misleading statements. In this statement it is agreed (1) that the respondent caused to be published *Page 447 
in newspapers of large circulation paid advertisements of his work and prices charged, and (2) that the respondent maintained on the outside of the walls of the building in which he had his office certain signs, advertising his work and prices, painted yellow and black, and of large dimensions.
The judgment below, entered upon the agreed facts, contains, inter alia, the following: ". . . . The court being of the opinion that the respondent has by himself or others solicited professional business, as alleged in the accusation," and concludes by adjudging that "the judgment of the North Carolina State Board of Dental Examiners in this cause is affirmed, and the license to practice dentistry in the State of North Carolina, heretofore granted the respondent, Dr. J. E. Owen, be and is hereby revoked. . . ."
The respondent's appeal from the judgment of the Superior Court raises the question as to whether the insertion of paid advertisements of his work and prices by a licensed dentist in newspapers with a large circulation and by signs in flaring colors and of large dimensions constitutes such soliciting of professional business as is inhibited by the statute, as amended. We think not.
The offenses against which the statute inveighs are (1) that of false advertising, and the circulation of false claims or fraudulent or misleading statements, and (2) that of soliciting professional business.
Advertising, or the circulation of statements, without the taint of falsity or fraud, either by newspaper or sign, although paid for, cannot be construed as a violation of the statute. Advertising and soliciting are not synonymous terms. If such were so, every dentist who inserted a professional card in a registry, directory, or other publication, and paid for such insertion, or who placed upon the window or door of his office, or upon the wall of the building in which his office is located, his name followed by the word "dentist" would subject himself to an accusation that might lead to the revocation of his license. We apprehend that such was not the purpose of those who drafted the statute. The statute only makes the use of false advertising, or the circulation of fraudulent and misleading statements, unlawful, and the corollary follows that the use of truthful advertising and circulation of truthful statements are not unlawful.Expressio unius est exclusio alterius. There is no suggestion in the record of any soliciting by the respondent otherwise than by advertising in newspapers and by signs.
We do not pass upon the ethics of the advertising resorted to by the respondent in this case, but under the statute as drawn, in the absence of any allegation of falsity or fraud, we are constrained to hold that judgment below is erroneous. If the North Carolina Board of Dental Examiners desires to have further limited the nature and extent of *Page 448 
advertising to which members of their profession may lawfully resort, their remedy lies with the Legislature and not the courts. The law-making branch of the Government, if in its wisdom it saw fit, might make unlawful any kind of advertising by members of the dental profession, whether false or otherwise, but as yet it has not done so.
In view of the foregoing, it does not appear that the enforcement of C. S., 6649, will result in injury to the respondent, and we are therefore not called upon to determine the constitutionality of the statute in this proceeding.
Reversed.