STATE OF IOWA, appellee, v. RICHARD P. CUSICK, appellant.

No. 49099.

(Reported in 84 N.W.2d 554)

AUGUST 1, 1957.

Emerett C. Hansen and H. H. Bittinger, both of Des Moines, for appellant.

Norman A. Erbe, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, Ray Hanrahan, County Attorney, and J. P. Denato, Assistant County Attorney, for appellee.

WENNERSTRUM, J.—The defendant was charged in an information filed in the municipal court of the city of Des Moines with the crime of false pretenses in that he, "with intent to defraud secured moneys through untrue, deceptive and misleading statements in violation of *Chapter* 713.24 of the Code of Iowa." (Emphasis supplied.) There is no such chapter in our Code but there is a Code section so numbered. No question was raised by the defendant in the trial court or this court relative to the information and the charge therein set forth. Code section 713.24 is found in the chapter in the Code relating to false pretenses and from its context covers situations relating to fraudulent advertisements. It is so designated by the Code editor. Section 602.29, 1954 Code, provides for the application of the provisions relative to county attorney's informations to criminal charges filed in the municipal court. The defendant entered a plea of not guilty and was tried before one of the judges of that court. The record does not disclose a demand was made for a

1170

jury trial. Section 602.39, 1954 Code of Iowa. Defendant was found guilty and has appealed. Sections 602.25, 602.44, 1954 Code of Iowa.

■■ I. The defendant did not raise in the trial court or in this court the questions which we shall hereinafter discuss. However, under the provisions of section 793.18, 1954 Code, we are directed, in our consideration of an appeal in a criminal case, to "* * * examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; * * *." This we have done as is our obligation. See State v. Martin, 243 Iowa 1323, 1326, 1327, 55 N.W.2d 258, 34 A. L. R.2d 904, and cases therein cited on this issue. Upon a complete study of the record we reach the conclusion there is no evidence which would justify the holding and conclusion the defendant was guilty of the offense charged. He may have been guilty of some offense, but it was not that of violating section 713.24, 1954 Code of Iowa.

The portions of the last referred to Code section which have application to the facts in the present case are as follows:

"Any person * * * who, with intent to sell, or in any wise dispose of merchandise * * * or anything offered by such person * * * directly or indirectly, to the public for sale or distribution * * * or to induce the public in any manner to enter into any obligation relating thereto, or * * * publishes, disseminates, circulates, or places before the public, or causes to be * * * published, disseminated, circulated, or placed before the public in this state, either directly or indirectly, in a newspaper * * * or in the form of a book * * * circular, pamphlet, or letter, *or in any other way,* an advertisement of any sort regarding merchandise * * * or anything so offered to the public, which advertisement contains any assertion, representation, or statement of fact relating to said merchandise * * * or service offered for sale, or relating to the sale thereof, which is untrue, deceptive, or misleading, shall be guilty of a misdemeanor * * *." (Emphasis supplied.)

The filing of the charge against the defendant developed by reason of the sale of advertising in a proposed yearbook which

was to be published by what was claimed to be the United Labor League, Inc. The evidence shows the defendant through his employees solicited advertising by telephoning from an office in Des Moines. Even though we may assume, without deciding, there was evidence of fraud by reason of the nature of the telephone conversations in that an inference of an official connection between the United Labor League, Inc., and the American Federation of Labor-Congress of Industrial Organizations was given, nevertheless we are convinced the State did not show a violation of the statute charged.

■ II. It will be observed the statute in question primarily seeks to prohibit a fraudulent advertisement in a newspaper, or in the form of a book, circular, pamphlet, letter *"or in any other way."* (Emphasis supplied.) The means by which the proposed advertisers were reached in the instant case was by oral solicitation. We must then determine whether solicitation in that manner comes within the terms of the statute. If it does it is only through the "any other way" clause. Advertising may be oral as well as in written or printed form. 2 C. J. S., Advertise, 890. Advertising or advertisements, as presently understood, cover many means of seeking to develop in the public an interest in matters or items. People v. Montague, 280 Mich. 610, 274 N.W. 347, 351. It is a means or method of attracting public attention. Edwards v. Lubbock County, Tex. Civ. App., 33 S.W.2d 482, 484. Therefore it might be claimed a telephone solicitation for the placing of advertising comes within the meaning of "any other way." We cannot reach this conclusion.

The use of the phrase "in any other way" requires and justifies the application of the rule of construction known as "ejusdem generis." This rule is to the effect "* * * where specific words of the same nature are used in a statute followed by the use of general ones, these general terms take their meaning from the specific ones and are restricted to the same genus; in other words, comprehend only those things of the same kind as the specific ones." Brown v. J. H. Bell Co., 146 Iowa 89, 98, 123 N.W. 231, 234, 124 N.W. 901, 27 L. R. A., N. S., 407, Ann Cas. 1912B 852. See also Cleveland v. United States, 329 U. S. 14, 67 S. Ct. 13, 91 L. Ed. 12, and cases cited; State v. Gardner, 174 Iowa 748, 756, 156 N.W. 747, 750, L. R. A. 1916D 767, Ann.

1172

Cas. 1917D 239; Emery & Co. v. American Ins. Co., 177 Iowa 4, 17, 19, 158 N.W. 748, 753; Bates v. American Trust & Savings Bank, 223 Iowa 729, 734, 273 N.W. 867, 869; 28 C. J. S., Ejusdem, 1049, 1050; 50 Am. Jur., Statutes, section 249, pages 244, 246.

In regard to the extent of the application of the foregoing rule it is stated in 28 C. J. S., Ejusdem, page 1050: "It has been said that the rule has been universally applied with some degree of strictness, so as not to enlarge the provisions of a statute, unless it was manifest from a reading of the whole statute, or relative statutes, that it was intended to broaden powers delegated * * *."

We are convinced the rule can and should be applied in the instant case. All the references in the statute apply to written advertisements. We cannot hold it has application to telephone calls or solicitations by means of telephone conversations.

III. We have determined there is a distinction between "soliciting" sales and advertising or an advertisement. The Arkansas Supreme Court commented upon this distinction in Carter v. State, 81 Ark. 37, 38, 98 S.W. 704. "Advertise" is therein defined as:

" 'The act or practice of bringing anything, as one's wants or one's business, into public notice, as by paid announcement in periodicals, or by handbills, placards, etc., as to secure customers by advertising.' 'To solicit' is thus defined: 'To importune, entreat, implore, ask, attempt, try to obtain.' " It further stated: "None of the uses of this term embrace advertising, although advertising is a method, in a broad sense, of soliciting the public to purchase the wares advertised. But soliciting is a well-known and defined action, and advertising is an equally well-known and defined action, and they are not identical. It is true that they are intended to reach the same result, the sale of the wares, but different routes are traveled in reaching that end; one is legislated against, and the other is not."

A further case in which a distinction is found between advertising and soliciting is that of In re Owen, 207 N. C. 445, 447, 177 S.E. 403, 404. In this last cited case a dentist was accused of violating a statute which was directed against (1) fraudulent

advertising and (2) soliciting professional business. The North Carolina court held that advertisements in newspapers and by a large colored sign, on the outside walls of a building, which were not shown to be fraudulent, did not come within the term "soliciting" prohibited by the statute. It was therein stated: "Advertising and soliciting are not synonomous terms."

From the last two authorities cited it is apparent the distinction between "soliciting" sales and advertising or advertisements can and should be applied here. The statute under which the defendant was charged is limited to advertisements only. There is no evidence the defendant or his employees did anything more than solicit. This act is not covered by section 713.24, 1954 Code.

The defendant in the trial court did present a motion to dismiss which was in part as follows: "That the State of Iowa has failed to carry and sustain the burden of proof *and has failed to prove the defendant is guilty of any crime or misdemeanor as charged.*" (Emphasis supplied.) The trial court should have sustained this motion and discharged the defendant. Consequently, on the basis of the motion made and our general power to review generally the record presented, we hold this cause must be reversed and remanded for action in keeping with our holdings herein.—Reversed and remanded.

All JUSTICES concur.