STATE OF IOWA, appellee, v. STANLEY E. MYERS, appellant.

No. 51523.

(Reported in 135 N.W.2d 73)

MAY 4, 1965.

Merle L. Royce, of Marshalltown, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Carl E. Peterson, of Marshalltown, County Attorney, for appellee.

MOORE, J.—May 15, 1964, a county attorney's information was filed in the district court of Marshall County charging defendant, Stanley E. Myers, with forging the name of Laura L. Anderson on her United States Social Security check, in violation of section 718.1, Code of 1962. After a plea of not guilty on trial to a jury defendant was found guilty. May 29, 1964, defendant was sentenced to imprisonment in the Iowa State Penitentiary at Fort Madison for a term not to exceed ten years. From this judgment and sentence he appeals.

Defendant was represented by court-appointed counsel on preliminary hearing in the Marshalltown Municipal Court and at the jury trial. As authorized by Code section 775.5 that counsel chose not to bring the case to this court. Defendant gave notice of appeal pro se. The matter was originally submitted to us on the clerk's transcript of the record. We, however, set the submission aside and approved filing a transcript of the evidence (furnished at county expense under section 793.8) as the abstract of the record. Defendant's present counsel was appointed by the trial judge to represent defendant on this appeal. He prepared defendant's brief and argument and his reply brief. In oral argument he forcefully and thoroughly presented defendant's contention that he had not been given a fair trial.

The evidence is not in serious dispute except on the issue of whether defendant had oral permission to endorse and cash the $67.50 social security check of his aunt, Laura L. Anderson.

On April 4, 1964, defendant was living in a room at 34½ West Main Street in Marshalltown. Several others including his mother and aunt also lived at that address in separate apartments. At about 9:30 a.m. on the above date after hearing the mailman defendant went downstairs, took the mail from the various boxes, delivered some to the apartment of his mother and another occupant but put in his pocket the envelope addressed to his aunt which he knew contained her social security check. Shortly thereafter he and a friend, Jack Tenney, went to the Temple Tap on East Main where they later met Larry Cleppe. While there they drank beer or whiskey. No claims are made that any of them became intoxicated. At about 3:30 p.m. at defendant's request they went in Cleppe's automobile to Clifton's Market where defendant in the presence of both men removed his aunt's check from the brown government envelope and wrote her name on the back of it with Cleppe's pen. Tenney testified defendant asked him if he wanted to sign the check and take it in and he refused.

Defendant then went into the store and upon his return was carrying two loaves of bread, a half gallon of milk and some cigarettes. Cleppe testified that when defendant returned to the car he said he had just "conned" somebody out of $10. They then went to the Wareco station where defendant paid for gas and oil so Cleppe could drive him to the town of Albion. After going to Albion they returned to the Temple Bar about 8 p.m.

After talking to Cleppe, Marshalltown police officer Donald H. Mackaman, a former schoolmate of defendant, asked him about forging a check. Defendant told Mackaman he did not know anything about it. Defendant made the same statement later when shown the check at the Clifton Grocery.

Mrs. Anderson testified she was present at defendant's birth, they had been friends through the years, she had given him money for food and cigarettes but emphatically denied she had given him or anyone else authority to cash her social security check.

On trial defendant admitted taking his aunt's social security check (Exhibit A), writing her name on the back of it and cashing the same at the Clifton Grocery. He made no substantial denial of the testimony of Tenney, Cleppe and Mackaman. He was the only defense witness. His sole defense was that he had his aunt's oral consent and authority to endorse and cash the check.

The experienced trial court carefully instructed the jury on the burden of the State to prove the necessary elements of its case, including the element that Mrs. Anderson had not given defendant permission to endorse the check. Apparently his trial counsel relied entirely on the contention the State had failed to prove lack of permission or authority. Having lost on this issue to the jury defendant and his new counsel are without any basis for assignment of errors before this court. The issues now argued were not raised in the trial court. Defendant's brief concedes the record discloses no appealable error but argues defendant did not receive a fair trial.

I. We have consistently said where no appealable question is presented to this court an appeal may be summarily disposed of on that proposition. State v. Mart, 237 Iowa 181, 186, 20 N.W.2d 63, 66; State v. Post, 255 Iowa 573, 579, 123 N.W.2d 11, 15; State v. Hess, 256 Iowa 794, 797, 129 N.W.2d 81, 82, 83; State v. Meyers, 256 Iowa 801, 806, 129 N.W.2d 88, 92.

In State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d 18, 19, and State v. Post, 255 Iowa 573, 580, 123 N.W.2d 11, 15, we point out that when right to counsel is exercised, it will not do to say the accused is immune from compliance with the rules by which established procedure requires trials to be conducted. The trial court and the State are entitled to know defendant's claims, his objections and in what respect he contends he is not receiving a fair trial. Defendant makes no claim his trial counsel was incompetent. His strategy failed. He is not in a strong position to urge error here.

II. Because of Code section 793.18, however, we have carefully read the transcript of the evidence and studied the entire record to determine whether defendant received a fair trial. As a matter of grace only we will consider the propositions

pointed out in defendant's brief and argument notwithstanding they were not raised in the trial court.

We have said that if upon an examination of the record under section 793.18 we are convinced it shows a fair trial was not had, we will not hesitate to reverse. State v. Martin, 243 Iowa 1323, 1327, 55 N.W.2d 258, 260, 34 A. L. R.2d 904; State v. Cusick, 248 Iowa 1168, 1170, 84 N.W.2d 554, 555; State v. Post, 255 Iowa 573, 579, 123 N.W.2d 11, 15.

▇ III. Defendant first argues the store clerk who cashed the check for him should have been called as a witness. He now claims for the first time that he offered to personally endorse the check. Defendant on cross-examination testified:

"Q. Why didn't you sign your own name on that check? A. They didn't ask me to.

"Q. Wouldn't it be logical for you to endorse your own name on that check? A. I told her the check—

"Q. I am not talking about that—

"By the Court: Don't interrupt. State your answer.

"A. When I took the check in down there I asked her if she would cash it and she turned it over and looked at it and said 'certainly.' She didn't ask me to sign nothing."

Defendant's own testimony clearly eliminates any requirement the clerk be called as a witness. Of course defendant could have called her if he wished to do so.

▇ IV. Defendant next argues the trial court unduly restricted cross-examination of Cleppe regarding the activities of the three men on the trip to Albion. No offer was made during the trial to indicate the purpose of such evidence. Defendant now argues it would reveal the use of the money from the check and the extent of his intoxication as affecting his criminal intent.

The obvious answer to this contention, as pointed out by the State, is that it relates to events subsequent to the offense and has no material bearing on the issues. Defendant made no claim he was intoxicated when he endorsed and cashed the check.

▇ The rule is well established that the scope of cross-examination is within the sound discretion of the trial court. In the absence of abuse of that discretion we will not interfere. State v. Finley, 147 Iowa 563, 565, 126 N.W. 699, 700; State v.

Propp, 193 Iowa 383, 385, 185 N.W. 90, 91; State v. Archibald, 208 Iowa 1139, 1141, 226 N.W. 186, 187; State v. Drosos, 253 Iowa 1152, 1162, 114 N.W.2d 526, 529. The record does not disclose any abuse of discretion.

 V. Defendant's third contention is that the trial court erred in sustaining objections to an alleged conversation between defendant and Laura Anderson at the Sunnyside Tavern several months before the incident here involved. No offer was made but now defendant argues the evidence would show she had great trust in him. The record shows clearly Mrs. Anderson was friendly to and trusted her nephew. At most, any additional evidence of their relationship would be cumulative. If it is assumed the alleged conversation was material, no prejudice could result from the court's ruling.

VI. Defendant next argues his trial counsel failed to use portions of the transcript of the preliminary hearing on cross-examination for impeachment of Mrs. Anderson. We have been furnished a transcript of the preliminary hearing and at defendant's instance have also carefully read and studied the testimony of Mrs. Anderson. We find no basis for defendant's contention his counsel failed to properly cross-examine her. She was subjected to thorough and almost identical cross-examination at both hearings.

 VII. Defendant's last contention is indeed novel. He contends the trial progressed too rapidly. The jury was selected and State's evidence was submitted on the first day. The next morning defendant testified in his own behalf for 40 minutes and then rested. After a short recess the trial resumed, arguments were made, the jury was instructed and the case submitted to the jury. Later that afternoon the jury returned its verdict.

At no time did defendant request additional time. He now argues the trial court should have voluntarily delayed the progress of the trial. His contention is without merit.

Upon the whole record, we feel defendant had a fair trial.— Affirmed.

All JUSTICES concur except HAYS, J., not sitting.