

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 24, 2007

The Honorable John W. Segrest  
McLennan County Criminal District Attorney  
219 North 6th Street, Suite 200  
Waco, Texas 76701

Opinion No. GA-0502

Re: Whether section 1704.304(c) of the Occupations Code, which prohibits solicitation of bail bond customers in a jail, extends to advertising or licensee information displayed on a licensee's vehicle when the vehicle is located in a county jail parking lot (RQ-0507-GA)

Dear Mr. Segrest:

You ask several questions about a bail bond licensee's display of advertising on his vehicle when that vehicle is located in the county jail parking lot.[1] You first inquire whether that practice is prohibited by section 1704.304(c) of the Occupations Code. *See* Request Letter, *supra* note 1, at 2.

Chapter 1704 of the Occupations Code provides for the regulation of bail bond sureties. Section 1704.051 declares that a bail bond "board is created in each county with a population of 110,000 or more." TEX. OCC. CODE ANN. § 1704.051 (Vernon 2004). McLennan County had a population of greater than 110,000 in the last decennial census, and thus is a bail bond board county.[2] Section 1704.304 provides that "[a] bail bond surety or an agent of a bail bond surety may not *solicit* bonding business in a police station, jail, prison, detention facility, or other place of detainment for persons in the custody of law enforcement." *Id.* § 1704.304(c) (emphasis added). Your first question is whether this statute prohibits "advertising or licensee information from being displayed on a licensee's vehicle in a jail parking lot." Request Letter, *supra* note 1, at 2.

Your inquiry raises the issue of whether a jail parking lot is included within the meaning of "jail" for purposes of section 1704.304(c). As you indicate, however, resolution of that issue is not necessary to resolve your particular fact situation. *Id.* at 3. The primary issue before us is whether

---

[1] Letter from Honorable John W. Segrest, McLennan County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (July 11, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] *See* U.S. CENSUS BUREAU, 2000 CENSUS OF POPULATION, STATE & COUNTY QUICKFACTS, *available at* http://quickfacts.census.gov/qfd/states/48/48309.html (McLennan County population: 213,517) (last visited Nov. 1, 2006).

a bail bond licensee's display of advertising on his vehicle constitutes "solicitation," the specific activity prohibited by section 1704.304(c).

"Advertising" is not tantamount to "solicitation." Although no Texas case has squarely confronted this issue, the courts of a number of other states have done so. The New York Court of Appeals held that, for purposes of the statutes governing attorney conduct, "'solicit' means to move to action, to endeavor to obtain by asking, and implies personal petition to a particular individual to do a particular thing . . . while 'advertising' is the calling of information to the attention of the public." *Koffler v. Joint Bar Ass'n*, 412 N.E.2d 927, 931 (N.Y. 1980), *cert. denied*, 450 U.S. 1026 (1981) (citing BLACK'S LAW DICTIONARY 1248–49 (5th ed. 1979)). Likewise, the Arkansas Supreme Court distinguished the two terms in stating that "soliciting is a well-known and defined action, and advertising is an equally well-known and defined action, and they are not identical." *Carter v. State*, 98 S.W. 704, 704 (Ark. 1906); *see also Smith, Waters, Kuehn, Burnett & Hughes, Ltd. v. Burnett*, 548 N.E.2d 1331, 1336 (Ill. App. 3d 1989) ("Solicitation of legal services, as opposed to advertising, connotes a private communication directed at a person or category of persons known by an attorney to have an immediate potential need for legal services."); *Akron Pest Control v. Radar Exterminating Co., Inc.*, 455 S.E.2d 601, 603 (Ga. App. 1995) ("The term ['solicit'] implies personal petition and importunity addressed to a particular individual to do some particular thing."). In addition, another provision of chapter 1704 of the Occupations Code indicates a distinction between "solicitation" and "advertisement." Section 1704.109(a) provides that "[a bail bond] board by rule may regulate solicitations *or* advertisements by or on behalf of bail bond sureties." TEX. OCC. CODE ANN. § 1704.109(a) (Vernon 2004) (emphasis added). We conclude, on the basis of the above-referenced authority, that section 1704.304(c) does not prohibit a bail bond licensee's display of advertising or licensee information on a vehicle in the parking lot of a county jail.

You also ask whether, "[i]f the answer to [question] number 1 is in the negative," the bail bond board may enact "a local rule prohibiting the display of licensee advertising or information on licensee vehicles that are parked in the Jail parking lot." Request Letter, *supra* note 1, at 2–3. As we have indicated, section 1704.109(a) permits a bail bond board by rule to regulate advertisements. TEX. OCC. CODE ANN. § 1704.109(a) (Vernon 2004). In order to answer your second question, however, we must simultaneously address your third question, i.e., whether any such regulation would "be violative of the First Amendment rights of licensees respecting 'commercial speech.'" Request Letter, *supra* note 1, at 3.

Currently, that portion of section 1704.109 which expressly authorizes the regulation of solicitation by bail bond licensees is under judicial review. Two conflicting judicial decisions have considered the constitutionality of section 1704.109 of the Occupations Code, although not subsection (a) thereof. First, a state court of appeals held that, for the most part, rules regarding the regulation of solicitation that were adopted under the general rule-making authority of a bail bond board did not constitute an unconstitutional restriction on commercial speech.[3] *See Harris County*

---

[3]In its opinion, the court of appeals noted that the rules of the Harris County Bail Bond Board were adopted prior to the enactment of section 1704.109 of the Occupations Code. As a result, the court, noting that section 1704.109
(continued...)

*Bail Bond Board v. Pruett*, 177 S.W.3d 260 (Tex. App.—Houston [1st Dist.] 2005, pet. granted). Shortly thereafter, a federal district court in Houston struck down the entirety of subsection (b),[4] holding it an improper restriction on commercial speech under the standard of *Central Hudson Gas & Electric Corporation. See Pruett v. Harris County Bail Bond Board*, 400 F. Supp. 2d 967 (S.D. Tex. 2005). On September 1, 2006, the Texas Supreme Court granted review in the state case. Because it appears that any rule regulating advertising might be impacted by the court's decision in *Pruett*, we must decline to answer your second and third questions on the basis of pending litigation.

---

[3](...continued)

"basically mirrors" the rules at issue, considered those rules under section 1704.101 of the Occupations Code, which provides, *inter alia*, that a bail bond board shall "supervise and regulate each phase of the bonding business in the county," and shall "adopt and post rules necessary to implement this chapter." *Pruett*, 177 S.W.3d at 267–68 (quoting TEX. OCC. CODE ANN. § 1704.101). Nevertheless, the court's conclusions regarding the constitutionality of the rules adopted under section 1704.101 are equally applicable to the constitutionality of rules adopted under section 1704.109.

[4]Subsection (b) provides:

(b)   A bail bond surety, an agent of a corporate surety, or an employee of the surety or agent may not make, cause to be made, or benefit from unsolicited contact:

(1)   through any means, including in person, by telephone, by electronic methods, or in writing, to solicit bonding business related to an individual with an outstanding arrest warrant that has not been executed, unless the bail bond surety or agent for a corporate surety has an existing bail bond on the individual; or

(2)   in person or by telephone to solicit bonding business:

(A)   that occurs between the hours of 9 p.m. and 9 a.m.; or

(B)   within 24 hours after:

(i)   the execution of an arrest warrant on the individual; or

(ii)   an arrest without a warrant on the individual.

TEX. OCC. CODE ANN. § 1704.109(b) (Vernon 2004).

## S U M M A R Y

Section 1704.304(c) of the Occupations Code does not prohibit a bail bond licensee's display of advertising or licensee information on a vehicle in the parking lot of a county jail. The constitutionality of section 1704.109, which permits a bail bond board to regulate the solicitation and advertisement of bail bonds, is the subject of current litigation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee